# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-749V
Filed: June 9, 2017

* * * * * * * * * * * * *  *
JESSICA NICOLE BITSUI, *as*  
*Parent and Natural Guardian of*  
N.H., *a Minor*,  

       Petitioner,  
v.  

SECRETARY OF HEALTH  
AND HUMAN SERVICES,  

       Respondent.  
* * * * * * * * * * * * *  *

UNPUBLISHED

Attorneys' Fees and Costs; Reduced Hours Expended.

*Diana L. Stadelnikas, Esq.*, Maglio Christopher and Toale, PA. Sarasota, FL., for petitioner.
*Ann D. Martin, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

      On November 8, 2011, petitioner ("Ms. Bitsui," or "petitioner") filed a petition for compensation on behalf of her minor child, N.H., under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that N.H. suffered injuries as a result of a Gardasil vaccination that petitioner received on June 1, 2009, while she was pregnant with N.H. *See* Petition ("Pet."). The information in the record, however, did not support an entitlement to an award under the Program. On December 7, 2016 petitioner filed a "Motion for Decision Dismissing the Petition" requesting that her case be dismissed. Motion Dismissing Petition, ECF

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

No. 105.  On December 7, 2016, the undersigned issued a decision dismissing the case.  Decision, ECF No. 106.[3]

On April 7, 2017, petitioner filed a Motion for Attorneys' Fees and Costs.  Motion for Fees, ECF No. 110.  Petitioner requests attorneys' fees in the amount of $160,952.30 and costs in the amount of $54,707.72, for a total amount of $215,660.02.  *Id*. at 1-2.  In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses.  *Id.* at 2.

On April 18, 2017, respondent filed a response to petitioner's Motion for Fees.  Response, ECF No. 111.  Respondent provided no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.  On April 18, 2017, petitioner filed a reply submitting that respondent provided no precise objection.  ECF No. 112 at 2.  Petitioner also submitted that she has met her burden of establishing reasonable fees and costs.  *Id*. at 3-4.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).  Special Masters have wide discretion in determining the reasonableness of attorneys' fees and costs.  *See Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012); *see also Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) (explaining that Special Masters are entitled to use their prior experience in reviewing attorneys' fees applications).

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, the Court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  The Court may then make an upward or downward departure from the initial calculation based on other specific findings.  *Id*. at 1348.  Special Masters may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special Masters need not engage

---

[3] This was a complicated case with voluminous records.  The issues involved were unique and required in-depth investigation.  Multiple experts, including a neurologist, geneticist, and teratologist, were used to try to resolve the various issues in this matter.  However, once it became apparent that petitioner would be unable to sustain her burden of proof, she filed a motion requesting that her case be dismissed.

in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

## II. Discussion

### A. Reasonable Hourly Rates

An itemized list of the billing rates for each individual who worked on this matter is attached as an appendix to this Decision. The requested hourly forum rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and her staff. *See e.g.*, *Bell-O'Neal v. Sec'y of Health & Human Servs.*, No. 13-835V, 2017 WL 1739206, at *1 (Fed. Cl. Apr. 4, 2017); *Shock v. Sec'y of Health & Human Servs.*, No. 15-1328V, 2017 WL 1435887, at *1 (Fed. Cl. Mar. 29, 2017); *See McCulloch,* 2015 WL 5634323 at *21. Therefore, the undersigned finds the requested rates to be reasonable.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See Doe 11 v. Sec'y of Health & Human Servs.,* No. XX–XXXV, 2010 WL 529425, at *9–10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. June 5, 2014) (collecting cases). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, Special Masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[4] For example, there are billed tasks in which attorneys and/or paralegals performed administrative tasks such as reviewing and paying invoices, setting up meetings, and making travel

---

[4] The following entries are examples and are not exhaustive; they merely provide a sampling.

3

arrangements.[5] Additionally, there are instances of duplicative billing,[6] as well as entries of tasks that are vague in description and do not provide any basis for determining their reasonableness, such as 0.2 hours billed for "Sav[ing] case law to file under correct name"[7] and 0.5 hours billed for "Additional preparation."[8] For these reasons, the undersigned finds that the requested $160,943.30[9] should be reduced by 10%. Accordingly, $144,848.97 is awarded in attorneys' fees.

**C.      Reasonable Costs**

Petitioner requests a total of $54,707.72 in attorneys' costs. Motion for Fees, ECF No. 110, Exh. 201. The requested costs consist of securing medical records, shipping costs, and expert fees. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $199,556.69**,[10] representing reimbursement for attorneys' fees in the amount of $144,848.97 and costs in the amount of $54,707.72, in the form of a check payable jointly to petitioner and petitioner's counsel, Diana Stadelnikas, Esq. The clerk of the court is directed to enter judgment in accordance with this Decision.[11]

---

[5] *See, e.g.*, Motion for Fees, ECF No. 110, Exh. 200, at 4 ("Review and approve invoice for medical records"); *id.* at 7 ("Prepare payments for mailing per subpoenas for medical records"); Motion for Fees, ECF No. 110, Exh. 200, at 10 ("Book travel arrangements for client meeting"); *id.* ("Make travel arrangements"); *id.* at 15 ("Review and approve multiple invoices for medical literature"); *id.* at 18 ("Review and approve multiple invoices"); *id.* at 19 ("Review and approve invoice from expert"); *id.* at 24 ("Multiple e-mails with expert's office regarding invoice"); *id.* at 28 ("Finalize payment to expert").

[6] *See, e.g.*, Motion for Fees, ECF No. 110, Exh. 200, at 29 ("Receive and review electronic notice of reassignment"); *id.* ("Review order of reassignment. Update notes."); *id.* ("Receive and review electronic order and update client file").

[7] Motion for Fees, ECF No. 110, Exh. 200, at 8.

[8] Motion for Fees, ECF No. 110, Exh. 200, at 10.

[9] The Motion actually requests $160,952.30 in attorneys' fees, but that total is based on a $9.00 mathematical error with respect to the work performed by Anne C. Toale. Ms. Toale billed 10.5 hours at a requested rate of $300, or $3,150.00; however, the Motion erroneously calculates that total as $3,159.00. Motion for Fees, ECF No. 110, Exh. 200, at 38.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

# APPENDIX

|  | 2010 | | | 2011-2015 | | | 2016 | | | 2017 | | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Hours | Rate | Total | Hours | Rate | Total | Hours | Rate | Total | Hours | Rate | Total |  |
| **Attorneys** | | | | | | | | | | | | | |
| Altom M. Malio | 0.1 | 275 | $27.50 | 23.7 | 300 | $7,110.00 | | | | 0.6 | 362 | $217.20 | **$7,354.70** |
| Anne C. Toale | | | | 10.5 | 300 | $3,150.00 | | | | | | | **$3,150.00** |
| Cecelia H. Stultz | | | | | | | | | | 2 | 250 | $500.00 | **$500.00** |
| Danielle A. Strait | | | | 0.3 | 295 | $88.50 | 0.2 | 306 | $61.20 | | | | **$149.70** |
| Diana L. Stadelnikas | 8.8 | 275 | $2,420.00 | 359.9 | 300 | $107,970.00 | 48.3 | 359 | $17,339.70 | 9.1 | 372 | $3,385.20 | **$131,114.90** |
| Diana L. Stadelnikas[12] | | | | 0.4 | 295 | $118.00 | | | | | | | **$118.00** |
| **Paralegals** | | | | | | | | | | | | | |
| Amanda E. Ramos | | | | 0.5 | 95 | $47.50 | | | | | | | **$47.50** |
| Amy M. Qualls | | | | | | | | | | 0.1 | 145 | $14.50 | **$14.50** |
| Ainsley Valdes | | | | 2.4 | 105 | $252.00 | | | | | | | **$252.00** |
| Ashlee Z. Arakelian | | | | 3.3 | 145 | $478.50 | | | | 0.7 | 145 | $101.50 | **$580.00** |
| Brittany N. Shalla | | | | 1.2 | 145 | $174.00 | | | | | | | **$174.00** |
| Cori L. Petrilla | | | | 0.2 | 105 | $21.00 | | | | | | | **$21.00** |
| Lily B. Mogese | | | | | | | | | | 0.1 | 145 | $14.50 | **$14.50** |

---

[12] For reasons not apparent from the billing records, Ms. Stadelnikas billed 0.4 hours in 2013 at $295 per hour rather than her usual $300.

6

| **Certified Paralegals** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Christine Colerio (2013) | | | | 5.3 | 95 | $503.50 | | | | | | | **$503.50** |
| Christine Colerio (2014) | | | | 0.2 | 135 | $27.00 | | | | | | | **$27.00** |
| Emily K. Monahan | | | | 3.7 | 135 | $499.50 | 0.2 | 135 | $27.00 | | | | **$526.50** |
| Kimberly A. Grabbe | 10.4 | 75 | $780.00 | 5.8 | 105 | $609.00 | | | | | | | **$1,389.00** |
| Kimberly A. Grabbe (2012) | | | | 0.2 | 135 | $27.00 | | | | | | | **$27.00** |
| Jennifer L. Lally | | | | 0.3 | 105 | $31.50 | 2.5 | 105 | $262.50 | | | | **$294.00** |
| Sarah J. Kolke | | | | 2.1 | 135 | $283.50 | | | | | | | **$283.50** |
| **Registered Paralegals & Legal Assistants** | | | | | | | | | | | | | |
| Tabitha M. Stone | | | | 80.2 | 135 | $10,827.00 | 23.8 | 135 | $3,213.00 | 1.1 | 145 | $159.50 | **$14,199.50** |
| Kayla M. Birdsong | 2.7 | 75 | $202.50 | | | | | | | | | | **$202.50** |
| | | | | | | | | | | | | | **$160,943.30** |

7